CEDRIC SANDERS, JR.,

                Plaintiff,

v.                                            Case No. 25-cv-1332-pp

CAPTAIN JANE DOE and
OFFICERS JANE/JOHN DOES 1-7,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Cedric Sanders, Jr., who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of his constitutional rights while confined at the Jefferson County Jail. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

### I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 26, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $16.12. Dkt. No. 9. The court received that fee on December 15, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that in January 2025, while confined as a pretrial detainee at the Jefferson County Jail, he violated rules and was sent to the disciplinary unit. Dkt. No. 1 at 4. The plaintiff states that he was "top locked," which means that he was in a cell for twenty-three hours a day. Id. He says that defendants Captain Jane Doe and Officers John and Jane Does 1-7 removed his mattress and blankets every day from 6:00 a.m. to 10:00 p.m. Id. They allegedly referred to it as "concrete punishment." Id. at 5. The plaintiff

3

states that he was in the disciplinary unit for six days, from January 22 through January 27, 2025. Id. at 4-5.

The plaintiff claims that the removal of his bedding from 6:00 a.m. to 10:00 p.m. while in the disciplinary unit violated his constitutional rights. Id. at 5. He says that he could not sleep comfortably on concrete, which resulted in "major pain". Id. Officers John and Jane Does allegedly ignored the plaintiff's complaints and continued to remove his mattress and bedding until he left the disciplinary unit on January 28, 2025. Id.

For relief, the plaintiff seeks compensatory and punitive damages, and for the defendants to be retrained. Id. at 6.

C.   Analysis

The court assesses conditions-of-confinement claims brought by pretrial detainees under the Fourteenth Amendment. Mulvania v. Sheriff of Rock Island Cnty., 850 F.3d 849, 856 (7th Cir. 2017). "Pre-trial detainees may assert a conditions-of-confinement claim under the Fourteenth Amendment's Due Process Clause." Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019). The court analyzes such claims under an objective reasonableness standard. Id. at 822–23. To state a claim, the plaintiff first must allege that the conditions of confinement were "objectively serious enough to amount to a constitutional deprivation." Smith v. Dart, 803 F.3d 304, 309 (7th Cir. 2015). An objectively serious condition of confinement must result in the denial of "the minimal civilized measure of life's necessities." Hardeman, 933 F.3d at 820 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must

4

allege that "the defendant's response was objectively unreasonable under the circumstances, and that the defendant acted purposely, knowingly, or recklessly with respect to the consequences of his actions." Mays v. Emanuele, 853 F. App'x 25, 27 (7th Cir. 2021) (cleaned up) (citing Hardeman, 933 F.3d at 823, 827; Miranda v. County of Lake, 900 F.3d 335, 353–54 (7th Cir. 2018)). The defendant's response is objectively unreasonable if it is "not rationally related to a legitimate nonpunitive governmental purpose" or is "excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).

Life's necessities include shelter and heat, and confinement without adequate bedding can amount to objectively serious deprivation. See Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). But the plaintiff does not allege that he did not have bedding the entire time he was on the disciplinary unit. The plaintiff states that after violating jail rules, he spent six days on a disciplinary unit where the defendants removed his mattress and blankets for sixteen hours a day, from 6:00 a.m. to 10:00 p.m. Presumably, the plaintiff *did* have his mattress and blankets for the overnight hours, from 10:00 p.m. to 6:00 a.m. The plaintiff's allegations that for six days while on disciplinary confinement, the bedding was removed from his cell for eighteen hours a day, but returned for eight hours beginning at 10:00 p.m., does not amount to an objectively serious deprivation. See Bradley v. Koziatek, Case No. 23-cv-374, 2025 WL 1312244, at *4 (S.D. Ind. May 6, 2025) (depriving incarcerated individual of a mattress for thirty-five hours did not rise to the level of denying him "the minimal civilized measure of life's necessities, creating an excessive

5

risk to [his] health and safety[]") (citing Stephens v. Cottey, 145 F. App'x 179, 181 (7th Cir. 2005) (holding that "[s]leeping for three days on a bedframe without a mattress is not extreme" even where incarcerated individual "sought medical treatment for a sore back because of the sleeping arrangements" and "was merely prescribed a cold pack and analgesics"); Chandler v. Westphal, Case No. 24-CV-491, 2024 WL 4332812, at *2 (N.D. Ind. Sept. 26, 2024) (granting summary judgment to defendants where incarcerated individual with multiple sclerosis slept in metal bed frame without mattress for nine days); Hooks v. Dorrow-Stevens, Case No. 22-CV-811, 2024 WL 3983820, at *2 (E.D. Wis. Aug. 29, 2024) (holding that defendants did not violate incarcerated individual's Eighth Amendment rights by forcing him to sleep on a concrete bed without a sleeping mat for six days); Scruggs v. Russell, Case No. 18-cv-460, 2021 WL 3674703, at *5 (S.D. Ind. Aug. 19, 2021) (taking incarcerated individual's mattress away at various times during confinement in secure confinement unit (which lasted less than sixteen days) because he had used mattress to barricade himself did not violate Eighth Amendment); Jenkins v. Miller, Case No. 17-cv-25, 2018 WL 6788527, at *8-9 (W.D. Wis. Dec. 26, 2018) (granting summary judgment to defendants where incarcerated individual was forced to sleep on steel bed without a mattress for twenty-three days)).

The plaintiff does not state a claim based on his allegations that the defendants removed the mattress and blankets from his cell from 6:00 a.m. to 10:00 p.m. for the six days he spent in the disciplinary unit. The court will give the plaintiff an opportunity to file an amended complaint. The court

6

emphasizes that the plaintiff is not required to file an amended complaint. But if he believes that he has additional information regarding the events raised in his complaint, he may do so.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must file it by the end of the day on **March 20, 2026**. If the plaintiff files an amended complaint by the end of the day on March 20, 2026, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint or a request for more time to file one by the March 20, 2026 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$333.88** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institutio, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 20th day of February, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**