UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CEDRIC SANDERS, JR.,

Plaintiff,

v.                                          Case No. 25-cv-1332-pp

JANE DOE, *et al.*,

Defendants.

## ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 11)

Plaintiff Cedric Sanders, Jr., who is confined at Oshkosh Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened his complaint and determined that it did not state a claim. Dkt. No. 10 at 8. The court gave the plaintiff an opportunity to file an amended complaint; he did so, dkt. no. 11, and this order screens the amended complaint.

## I.  Screening the Amended Complaint (Dkt. No. 11)

### A.  Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

2

B.  Amended Complaint's Allegations

The plaintiff alleges that from January 22 through 27, 2025, while he was confined at the Jefferson County Jail, defendants Officer Jane Doe and Officer John Doe removed the mattress from his cell for sixteen hours a day, from 6:00 a.m. to 10:00 p.m.. Dkt. No. 11 at 2. The plaintiff states that "with no sheets or blankets with negative degree wind chills outside[,] [t]he cell was cold and laying on the concrete all day and well into the night caused pain in [his] lower back." Id. He says that he was "top locked", which is the "hole" in the Jefferson County Jail, as a form of "concrete punishment." Id. The plaintiff alleges that his water didn't run the entire first day in lock up. Id. at 2-3. He states that "with the conditions outside and going an entire day without water [he] believe[s] [his] basic needs were not met[.]" Id. at 3.

For relief, the plaintiff seeks $250,000. Id. at 4. He states that he also wants an outside source to rewrite the rules that the Jefferson County Jail uses to punish incarcerated individuals and restrict the jail from concrete punishment in the future. Id.

C.  Analysis

The court assesses conditions-of-confinement claims brought by pretrial detainees under the Fourteenth Amendment. Mulvania v. Sheriff of Rock Island Cnty., 850 F.3d 849, 856 (7th Cir. 2017). "Pre-trial detainees may assert a conditions-of-confinement claim under the Fourteenth Amendment's Due Process Clause." Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019). The court analyzes such claims under an objective reasonableness standard.

3

Id. at 822-23. To state a claim, the plaintiff must first allege that the conditions of confinement were "objectively serious enough to amount to a constitutional deprivation." Smith v. Dart, 803 F.3d 304, 309 (7th Cir. 2015). An objectively serious condition of confinement must result in the denial of "the minimal civilized measure of life's necessities." Hardeman, 933 F.3d at 820 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must allege that "the defendant's response was objectively unreasonable under the circumstances, and that the defendant acted purposely, knowingly, or recklessly with respect to the consequences of his actions." Mays v. Emanuele, 853 F. App'x 25, 27 (7th Cir. 2021) (cleaned up) (citing Hardeman, 933 F.3d at 823, 827; Miranda v. County of Lake, 900 F.3d 335, 353–54 (7th Cir. 2018)). The defendant's response is objectively unreasonable if it is "not rationally related to a legitimate nonpunitive governmental purpose" or is "excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).

Life's necessities include shelter and heat, and confinement without adequate bedding can amount to objectively serious deprivation. See Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). The plaintiff does not allege that he did not have bedding the entire time he was on the disciplinary unit. He states that he spent six days on a disciplinary unit where the defendants removed his mattress and blankets for sixteen hours a day, from 6:00 a.m. to 10:00 p.m. The plaintiff also states that it was very cold outside with negative wind chills and that it was cold in his cell. He says that laying on the concrete

in his cell all day and well into the night caused pain in his back. The plaintiff also alleges that he didn't have running water the first day he was in the cell.

If the plaintiff had alleged just the removal of his mattress and bedding for eighteen hours a day, he would not state a claim for a constitutional violation. See Bradley v. Koziatek, Case No. 23-cv-374, 2025 WL 1312244, at *4 (S.D. Ind. May 6, 2025) (depriving incarcerated individual of a mattress for thirty-five hours did not rise to the level of denying him "the minimal civilized measure of life's necessities, creating an excessive risk to [his] health and safety[]") (citing Stephens v. Cottey, 145 F. App'x 179, 181 (7th Cir. 2005) (holding that "[s]leeping for three days on a bedframe without a mattress is not extreme" even where incarcerated individual "sought medical treatment for a sore back because of the sleeping arrangements" and "was merely prescribed a cold pack and analgesics"); Chandler v. Westphal, Case No. 24-CV-491, 2024 WL 4332812, at *2 (N.D. Ind. Sept. 26, 2024) (granting summary judgment to defendants where incarcerated individual with multiple sclerosis slept in metal bed frame without mattress for nine days); Hooks v. Dorrow-Stevens, Case No. 22-CV-811, 2024 WL 3983820, at *2 (E.D. Wis. Aug. 29, 2024) (holding that defendants did not violate incarcerated individual's Eighth Amendment rights by forcing him to sleep on a concrete bed without a sleeping mat for six days); Scruggs v. Russell, Case No. 18-cv-460, 2021 WL 3674703, at *5 (S.D. Ind. Aug. 19, 2021) (taking incarcerated individual's mattress away at various times during confinement in secure confinement unit (which lasted less than sixteen days) because he had used mattress to barricade himself did not violate Eighth

5

Amendment); <u>Jenkins v. Miller</u>, Case No. 17-cv-25, 2018 WL 6788527, at *8-9 (W.D. Wis. Dec. 26, 2018) (granting summary judgment to defendants where incarcerated individual was forced to sleep on steel bed without a mattress for twenty-three days)).

But the plaintiff now alleges that it was extremely cold outside, that it also was cold in his cell and that he didn't have water for the first day. These new allegations, together with the allegations that he did not have a mattress or bedding for eighteen hours a day, implicate the plaintiff's constitutional rights. The court will allow him to proceed on his conditions-of-confinement claim. But because the plaintiff no longer is confined at the jail, he may not proceed on a claim for injunctive relief. <u>See</u> <u>Maddox v. Love</u>, 655 F.3d 709, 716 (7th Cir. 2011) (injunctive relief moot because plaintiff transferred to difference facility and no indication of "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains"); <u>see also</u> <u>Ortiz v. Downey</u>, 561 F.3d 664, 668 (7th Cir. 2009).

Because the plaintiff does not know the names of the Doe defendants he is suing, the court will add Jefferson County Sheriff Travis Maze as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. <u>See</u> <u>Donald v. Cook C'nty Sheriff's Dep't</u>, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Maze is not required to respond to the amended complaint. After Sheriff Maze's attorney files an appearance in this case, the plaintiff may serve discovery upon Sheriff Maze (by mailing it to his attorney at the address

in his notice of appearance) to get information that will help him identify the names of the defendants.

For example, the plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Maze, he must limit his discovery requests to asking for information or documents that will help him learn the real names of the defendants he is suing. The plaintiff may not ask Sheriff Maze about any other topic, and Sheriff Maze is not obligated or required to respond to requests about any other topic.

After the plaintiff learns the names of the defendants whom he alleges violated his constitutional rights, he must file a motion to substitute their names for the Doe placeholders. Once the plaintiff identifies the Doe defendants' names, the court will dismiss Sheriff Maze as a defendant. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to obtain the information he believes he needs to prove his claims.

The plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Maze's attorney appearing. If he does not do so or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. See Civil L. R. 41(c) (E.D. Wis.).

## II. Conclusion

The court **DIRECTS** the clerk's office to add Jefferson County Sheriff Travis Maze as a defendant for the limited purpose of helping the plaintiff identify the defendants' names.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint (Dkt. No. 11) and this order on Sheriff Maze under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that Sheriff Maze is not required to respond to the amended complaint, but he must respond to discovery requests that the plaintiff serves in an effort to identify the defendants' names. Sheriff Maze is not required to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names **within sixty days of Sheriff Maze's attorney filing an appearance in this case**. If the plaintiff does not identify the defendants' names by the deadline or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

8

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

9

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 7th day of July, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

10